## LUDINGTON v. CITY OF ESCANABA.

TAXES—IRREGULARITIES—CURATIVE PROVISION OF STATUTE.

Under the curative provision of the tax law of 1893 (Act No. 206, § 99), the failure of an assessor to extend the taxes on the original assessment roll which remained in his hands, and to put into the copy the figures showing what he originally assessed the property at, does not invalidate the assessment, where it appears that he inserted in the copy the figures showing the values as determined by the board of review.

Appeal from Delta; Stone, J. Submitted November 6, 1897. Decided December 15, 1897.

Bill by Charlotte J. Ludington and others against the city of Escanaba, Roscoe D. Dix, auditor general, and the board of supervisors of Delta county, to set aside certain taxes. From a decree dismissing the bill on demurrer, complainants appeal. Affirmed.

*F. D. Mead*, for complainants.

*T. B. White*, for defendant city of Escanaba.

LONG, C. J. Charlotte J. Ludington and 27 others, taxpayers of the city of Escanaba, filed their bill to set aside certain tax assessments upon their property for the

year 1896.   The bill was taken as confessed by the defendants, except the city of Escanaba.   A demurrer was interposed by the city, upon the ground of want of equity, the demurrer stating that—

"There is no allegation in the bill that the taxes complained of in the bill are excessive, illegal, or unjust; but the complainants base their right to relief purely upon the action of the assessing officer in not making the assessment roll and tax roll of the city in the exact form prescribed by the statute."

The demurrer was sustained, and the bill dismissed, as the court below stated, "for the reasons set forth in *Auditor General* v. *Hutchinson*, 113 Mich. 245."

It appears in the present case that the assessor made an assessment roll, but extended no taxes thereon.   When it came time to extend the taxes, he took the same form of blank as the assessment roll, headed in exactly the same way, and copied upon that roll all that had been entered upon the assessment roll, except the value as assessed by him; that is, the names of the owners, the descriptions of the property, and the values as fixed and determined by the board of review.   He then extended the tax upon this new roll, but failed to extend it upon the original roll. If this had been done, the two rolls would have been exactly alike, except the value as assessed.   This constitutes the whole of the omission of which complainants complain.   To this roll upon which the taxes were extended, the assessor attached his warrant, and delivered it to the city treasurer.

It was stated in *Auditor General* v. *Hutchinson*, *supra:*

"The defects consist in this: (1) That the assessor attached his warrant to the original tax roll, and delivered it to the treasurer, instead of delivering a copy, as the charter required; and (2) that the treasurer, in making his return, did not verify his statements of uncollected city and school taxes.   No claim is made, either in the objections filed to the petition, or in the testimony, or in

the arguments of counsel, that the taxes are unjust or excessive.   Contestants are not before the court offering to bear their just proportion of the public burden.   On the contrary, they seek to avoid the payment entirely, because officers upon whom is imposed the duty to perform certain acts have not performed them in strict accordance with the requirements of the law.   It is too clear to require extended argument that the fact that the collector used the original tax roll instead of a copy, and the failure to verify a statement at the time required by the law, do not affect the justice of the tax, nor prejudice the property rights of these contestants.   If these defects are not covered and cured by the curative statute above cited, it is difficult to note any defect which would be cured by it."

The above language by Mr. Justice GRANT is applicable to the present case.   Here the defect complained of was not that the assessor placed in the treasurer's hands the original assessment roll, and not a certified copy, as the law directs, but simply a failure to fill out in full the original roll which remained in his hands, and not putting into the copy the figures showing what he originally assessed the property at.   But it appears that he did insert in the copy the figures showing the values as determined by the board of review.   It cannot be said that these omissions in any manner prejudiced the property rights of the taxpayers.   Section 99, Act No. 206, Pub. Acts 1893, provides that—

"No tax assessed upon any property, or sale therefor, shall be held invalid by any court of this State on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law,   *   *   * or on account of any other irregularity, informality, or omission, or want of any matter of form or substance, in any proceeding, that does not prejudice the property rights of the person whose property is taxed; and all proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed by all the courts of this State to be legal until the contrary is affirmatively shown."

The defects complained of are covered by this curative

statute; and the court below was not in error in holding that the case is governed by *Auditor General* v. *Hutchinson, supra,* and in dismissing complainants' bill.

The decree below is affirmed. The defendant city of Escanaba will recover the costs of both courts.

The other Justices concurred.